UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JONATHAN VALDEZ,

                Plaintiff,

         - against -

THE CITY OF NEW YORK, *et al.*,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 6-17-14 |

11 Civ. 5194 (PAC) (DF)

**ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

     Plaintiff Jonathan Valdez brings this action pursuant to 42 U.S.C. § 1983, the Religious

Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. *et seq.*, and state

tort law against Defendants the City of New York (the "City") and New York City Department

of Correction ("DOC") employees Captain Albert Butler, Captain Darnell Negron, Correction

Officer Williams[1], Correction Officer Tiffany Kinloch, Warden Kathleen Mulvey, Warden

Edmund Duffy, and Correction Officer Anton Taylor.  Defendants moved to dismiss Plaintiff's

Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).  (Dkt. 45).

     On September 3, 2013, Magistrate Judge Debra Freeman issued a report and

recommendation ("R&R") recommending that Defendants' motion be granted in part and denied

in part.  (Dkt. 50.)  Specifically, Magistrate Judge Freeman recommended that (1) Plaintiff's 14th

Amendment claims (Counts[2] I through IV) should be dismissed because being designated as part

of a "security risk group" ("SRG") or as an "intended contraband recipient" ("ICR") did not

impinge any liberty interest, and because Defendants did not exhibit deliberate indifference to his

---

[1] Officer Williams's first name is not specified in the Third Amended Complaint.

[2] In Plaintiff's Third Amended Complaint, he refers to his claims as "Counts."  For ease of reference, the Court adopts this terminology when referring to Plaintiff's claims.

1

safety; (2) Plaintiff's First Amendment and RLUIPA claims against Correction Officer Taylor (Counts V and VII) in Taylor's individual capacity should survive, as Taylor substantially burdened Plaintiff's religious exercise and is not entitled to qualified immunity; (3) Plaintiff's First Amendment and RLUIPA claims against the City (Counts VI and VIII) and against Taylor in his official capacity should be dismissed because the alleged violations did not result from any official policy, custom, or practice; (4) Plaintiff's claims for compensatory damages for emotional injury resulting from the alleged First Amendment and RLUIPA violations should be dismissed because he has not alleged any causally related physical injury; and (5) the Court should continue to exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

On October 14, 2013, Plaintiff timely filed an objection to Magistrate Judge Freeman's R&R, arguing that Counts III and IV of his Third Amended Complaint should not be dismissed because, contrary to Magistrate Judge Freeman's expressed understanding, Plaintiff was subjected to extended periods of solitary confinement that were punitive in nature. (Dkt. 55.) Plaintiff also submitted a declaration to clarify Magistrate Judge Freeman's factual finding, in response to Magistrate Judge Freeman's suggestion that he do so. (Dkt. 50, Attachment 1.)

For the reasons that follow, the Court adopts the conclusions of Magistrate Judge Freeman's R&R, with the exception that Defendants' motion to dismiss Counts III and IV is denied.

## DISCUSSION[3]

### I.   Standard

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party makes a timely written objection, the district court must review the contested issues *de novo*. *See Arista Records LLC v. Doe*, 604 F.3d 110, 116 (2d Cir. 2010) "However, where a party does not submit a timely objection, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Martinson v. U.S. Parole Comm'n*, 2005 WL 1309054, at \*3 (S.D.N.Y. June 1, 2005).

### II.   Analysis

Neither party objects to Magistrate Judge Freeman's recommendations with regard to Plaintiff's 14th Amendment claims arising from his ICR status (Counts I and II); his First Amendment and RLUIPA claims; and Plaintiff's state tort law claims. Finding no clear error, the Court adopts these portions of the R&R.

Plaintiff, however, objects to Magistrate Judge Freeman's recommendation that Plaintiff's 14th Amendment claims regarding his SRG status (Counts III and IV) be dismissed. Magistrate Judge Freeman recommended dismissing these claims, along with Plaintiff's other 14th Amendment claims, since the SGR and ICR classifications did not constitute punishment of Plaintiff. Magistrate Judge Freeman indicated, however, that her analysis might differ if the complaint had made clear that the Plaintiff had been subjected to extended solitary confinement, since this could implicate a liberty interest (R&R at 17). *See, e.g., DeLeon v. Rockland Cnty.*,

---

[3] For the facts of this case, see Magistrate Judge Freeman's R&R (Dkt. 50). For the sake of consistency, this order uses the same notation for citations to the record as the R&R.

2013 WL 1195623, at *7-8 (S.D.N.Y. Mar. 22, 2013).  Although courts should accord deference to prison officials in determining whether restrictions imposed upon a pretrial detainee are reasonably related to a legitimate governmental objective, *Bell v. Wolfish*, 441 U.S. 520, 547 (1979), the Second Circuit has held that an extreme restriction may "smack[] of punishment" so as to warrant a factual inquiry into whether such a restriction is actually related to a legitimate governmental interest.  *Covino v. Vermont Dept. of Corrections*, 933 F.2d 128, 130 (2d Cir. 1991).  A pretrial detainee's extended period in solitary confinement may present an issue of fact as to whether the detainee has a liberty interest in avoiding such restrictions.  *DeLeon*, 2013 WL 1195623, at *7-8.

In dismissing all of Plaintiff's 14th Amendment claims on the grounds that Plaintiff's classifications did not implicate a liberty interest, Magistrate Judge Freeman relied on her understanding that Plaintiff's classifications did not subject him to solitary confinement. Magistrate Judge Freeman noted, however, "If this Court has misconstrued Plaintiff's allegations in this regard, and he was actually subjected to extended periods of solitary confinement or other punitive segregation, then Plaintiff may wish to explain this in objections to this Report and Recommendation."  (R&R at 17 fn. 7.)  According to Plaintiff's subsequent declaration, Plaintiff was held in solitary confinement on at least two occasions – once for forty days and once for eight days – solely because of his SRG classification, which he contends was erroneous. (Declaration of Plaintiff Jonathan Valdez, dated October 10, 2013 ¶¶ 2-6).

In the Third Amended Complaint, Plaintiff alleges that he "suffer[ed] regular isolation from other inmates" due to his classifications (Plaintiff's Third Amended Complaint, dated July 10, 2012 ¶ 61).  On a motion to dismiss, the Court must draw all reasonable inferences in Plaintiff's favor, *Palkovic v. Johnson*, 281 F. App'x 63, 65 (2d Cir. 2008).  In light of Plaintiff's

4

response to Magistrate Judge Freeman's inquiry, the Court will infer that Plaintiff was subjected to periods of solitary confinement. Since the nature of the isolation Plaintiff was subjected to as a result of his SRG status raises a question of fact as to whether his liberty interests were impinged, Counts III and IV of Plaintiff's Third Amended Complaint survive. [4]

## CONCLUSION

The allegations of Counts III and IV state a plausible 14th Amendment claim for impingement of a liberty interest; Defendant's motion to dismiss these two counts is denied. With respect to the rest of Plaintiff's claims, the Court adopts the conclusions of Magistrate Judge Freeman's R&R. Accordingly, the Court grants the motion to dismiss Plaintiff's 14th Amendment claims involving his ICR classification, and the First Amendment and RLUIPA claims against the City and against Correction Officer Taylor in his official capacity along with the corresponding claims for compensatory and emotional damages. Plaintiff's First Amendment claims against Taylor in his individual capacity survive, as do Plaintiff's state law claims. The Clerk of Court is directed to terminate the motion at Docket Number 45. The reference to Magistrate Judge Freeman for further proceedings is continued.

Dated: New York, New York
      June 16, 2014

                                        SO ORDERED

                                        _____

                                        PAUL A. CROTTY
                                        United States District Judge

---

[4] Plaintiff does not object to Magistrate Judge Freeman's conclusion that any deliberate indifference claim should be dismissed. Finding no clear error, the Court adopts this conclusion.